Matter of Winters (2020 NY Slip Op 06862)





Matter of Winters


2020 NY Slip Op 06862


Decided on November 19, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: November 19, 2020
SUPREME COURT, APPELLATE DIVISION
First Judicial Department

Dianne T. Renwick,J.P.,
Sallie Manzanet-Daniels
Cynthia S. Kern
Peter H. Moulton
Manuel J. Mendez, JJ.


Motion No. 2020-02877 Case No. 2017-00302 

[*1]In the Matter of William S. Winters, (Admitted as William Stanley Winters) a Suspended Attorney: Attorney Grievance Committee for the First Judicial Department, Petitioner, William S. Winters, (OCA Atty. Reg. No. 2597342), Respondent.



Disciplinary proceedings instituted by the Attorney Grievance Committee for the First Judicial Department. Respondent, as William Stanley Winters, was admitted to the Bar of the State of New York at a Term of the Appellate Division of the Supreme Court for the Third Judicial Department on January 25, 1994.




Jorge Dopico, Chief Attorney, Attorney Grievance Committee, New York (Kathy W. Parrino, of counsel), for petitioner.
[*2]
Respondent, pro se.



Per Curiam 


Respondent William S. Winters was admitted to the practice of law in the State of New York by the Third Judicial Department on January 25, 1994, under the name William Stanley Winters. At all times relevant to this proceeding, he maintained a registered address within the First Judicial Department.
On April 30, 2015, the Supreme Court of New Jersey temporarily suspended respondent based on his refusal to cooperate with the Office of Attorney Ethics' (OAE) investigation into the handling of attorney trust account funds (221 NJ 293 [2015]). On March 27, 2018 (M-4488), this Court, pursuant to the Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.13, imposed reciprocal discipline based on respondent's continued temporary suspension in New Jersey (4/6/17 order) and immediately suspended him from the practice of law until further order of this Court (160 AD3d 168 [1st Dept 2018]).
By order filed January 30, 2020, the New Jersey Supreme Court suspended respondent for an indefinite period of time, effective immediately, based on the professional misconduct underlying the OAE investigation with which he refused to cooperate, which included his negligent misappropriation of client funds (241 NJ 28 [2020]).
The Attorney Grievance Committee (AGC) now seeks an order, pursuant to 22 NYCRR 1240.13 and the doctrine of reciprocal discipline, finding that the misconduct underlying respondent's indefinite suspension in New Jersey would also constitute misconduct in New York, and directing him to demonstrate why discipline should not be imposed based on his discipline in New Jersey, and/or sanctioning him as this Court deems appropriate. Though personally served, respondent has not submitted a response.
While respondent has not asserted any of the enumerated defenses under 22 NYCRR 1240.13, none are available to him. Respondent, who was represented by counsel in the New Jersey proceeding, was advised of the charges against him (and twice moved, unsuccessfully, to have them dismissed); he testified at the special master hearing and cross-examined the OAE's witnesses; and he argued before the Disciplinary Review Board. The misconduct findings are sufficiently supported by the record, and the misconduct for which respondent was disciplined would constitute misconduct in violation of New York Rules of Professional Conduct (22 NYCRR 1200.0) rules 1.15(a) and 8.4(c).
In imposing a sanction, "significant weight should be given to the sanction imposed by the jurisdiction where the misconduct occurred because the foreign jurisdiction has the greatest interest in fashioning sanctions for the misconduct" (Matter of Blumenthal, 165 AD3d 85, 86 [1st Dept 2018]).
Given the adjudicated misconduct, namely, negligent misappropriation with respect to one client and dishonest fee conduct in connection with at least four property tax appeals, which was accompanied by respondent's admissions of commingling, failure to maintain the required bookkeeping records, and refusal to cooperate with disciplinary authorities, a five-year suspension is appropriate as it is commensurate with the discipline imposed by New Jersey and [*3]in accord with our case law involving comparable misconduct (see Matter of Castro, 184 AD3d 272 [1st Dept 2020]; Matter of Racer, 56 AD3d 125, 128 [1st Dept 2008]).
Accordingly, the motion should be granted to the extent of suspending respondent from the practice of law in the State of New York for a period of five years, effective the date of this order, and until further order of this Court.
All concur.
It is Ordered that the motion is granted to the extent of imposing reciprocal discipline pursuant to 22 NYCRR 1240.13 and respondent is suspended from the practice of law for a period of five years, effective the date hereof, and until further order of this Court, and
It is further Ordered that respondent is commanded to desist and refrain from the practice of law in any form, either as principal or agent, clerk or employee of another; that respondent is forbidden to appear as an attorney or counselor-at-law before any court, judge, justice, board, commission or other public authority; that respondent is forbidden to give to another an opinion as to the law or its application or any advice in relation thereto, and
It is further Ordered that respondent is directed to fully comply with the provisions of the Court's rules governing the conduct of disbarred or suspended attorneys (see 22 NYCRR 1240.15), a copy of which is made a part hereof, and
It is further Ordered that if the respondent has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 1240.15 (f).
Order filed. [November 19, 2020]